UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEAN E. BLANCK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-572 RM |
| ) | |
| RONNIE LUNSFORD, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Dean E. Blanck, now proceeding as a *pro se* prisoner, initiated this case when his attorney filed a complaint in the Southern District of Indiana which was thereafter transferred to this court. After transfer, counsel withdrew and Mr. Blanck filed a motion to amend. Before that motion, the defendants sought and obtained a stay pursuant to the Soldiers and Sailors Relief Act.

> In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings . . . if the court determines that – (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant . . ..

50 U.S.C. App. § 521(d).

The defendants object to consideration of the motion to amend because of the stay's existence, but in light of the motion to amend the court now reconsiders the order granting the stay. The defendants in this case have not yet filed an answer to the complaint. Pursuant to FED. R. CIV. P. 15(a), Mr. Blank may amend his complaint "once as a matter of course at any time before a responsive pleading is served". No defense can prevent the

filing of this amended complaint, so the defendant's presence would be of no import. Once filed, 28 U.S.C. § 1915A requires that this court review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. So too, there is no defense that can prevent the screening of a prisoner complaint pursuant to § 1915A and the presence of the defendant would be of no merit. Therefore the court will lift the stay, permit the filing of the amended complaint and screen the case.

FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 	In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Blanck alleges that on April 3, 2004, he was attacked by another inmate in his cell on D-West at the Indiana State Prison. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants know there is a strong likelihood, rather than a mere possibility, that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places.") Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See* McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Blanck alleges that he was released from his cell at approximately 8:45 a.m. so that he could shower. He alleges that when he arrived at the shower area, another inmate "made some very rude derogatory comments" and he responded "that he should learn to have more respect for other people, especially his elders." Amended Complaint at 8. The other inmate "exited the shower area shortly thereafter, so Blanck assumed that was the end of the confrontation . . .." Amended Complaint at 8. He then finished his shower and returned to his cell. After he dressed, he began cleaning the cell. As he mopped under his bed, he was attacked by the inmate he had spoken to in the shower earlier that morning.

After his confrontation in the shower, Mr. Blanck did not notify anyone that he was in danger before the attack in his cell. Indeed, he says he believed that the incident was over and does not indicate that he had any fear that an attack was imminent. As unfortunate as this attack was, it does not appear that even he anticipated it. Prisons are dangerous places and the constitution does not place liability on guards for random acts

4

of violence. Rather, liability attaches only where there is "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985). Had Mr. Blanck believed that he was in danger from this inmate, he could have notified a guard and sought protection, but he did not. These defendants cannot be held liable for this attack because they did not have actual knowledge of the impending harm that the other inmate posed to him.

Mr. Blanck argues D-West was a violent cellhouse that was frequently locked down. He argues that it housed violent and dangerous offenders. He argues that he had repeatedly complained about the common dangerousness and violence of D-West. He argues that the defendants should have also known of these dangers. Likely they were aware of the same general dangers that he was.

> Prisoners are dangerous (that's why many are confined in the first place). Guards have no control over the temperament of the inmates they supervise . . .. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do.

McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991). Merely the general knowledge that a cellblock is dangerous is insufficient for the imposition of liability. Merely because the defendants knew that random acts of violence had, did, and would occur does not make them liable for this random attack which was not anticipated even by Mr. Blanck.

For the foregoing reasons, the court:

(1) LIFTS the stay;

(2) GRANTS the motion to amend (docket # 13); and

(3) DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: October  2 , 2006

                                          /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court